

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:
Opinion No. O-2221
Re: Validity of Article 2352-b, Vernon's
Revised Civil Statutes.

Your recent request for an opinion of this department in reference to Article 2352-b, Vernon's Revised Civil Statutes, has been received.

We quote from your letter as follows:

"By Article 2352-b of the Revised Civil Statutes, the County of El Paso, through its Commissioners' Court, was authorized to levy a tax not to exceed 5¢ on the $100 assessed valuation, after authorization by a majority of the qualified taxpaying voters of the County. The money collected is required to be paid to the Board of County Development, which Board is authorized to expend the money only for such purposes as authorized by the Act. The tax may be levied and used 'for the purpose of advertising and promoting the growth and development of said County and its County Seat.'

"Your department has previously rendered an opinion construing this Statute, which you may desire to examine before passing on the questions hereinafter submitted. (See opinion of Attorney General, dated July 14, 1936, addressed to Honorable David E. Mulcahy, County Attorney, El Paso, Texas.)"

You then ask three questions concerning the construction to be placed upon such Article of the statutes.

GERALD C
ATTORNEY

We have examined the opinion of the preceding administration of this department, to which you refer in your letter. We have concluded that such opinion is erroneous and should be withdrawn; that Article 2352-b is a local and special law violating the provisions of Article 3, Section 56, of our Constitution, and is therefore unconstitutional and void.

Article 2352-b, Vernon's Revised Civil Statues, passed by the Legislature in 1935, reads as follows:

"Section 1. In all counties in this State having a population of not less than 125,000 inhabitants and not more than 175,000 inhabitants, and containing a city having a population of not less than 90,000 inhabitants, as shown by the last preceding Federal Census, a direct tax of not over Five (5) Cents on the valuation of One Hundred ($100.00) Dollars may be authorized and levied by the Commissioners' Court of such county, for the purpose of advertising and promoting the growth and development of said county and its county seat; provided that before the Commissioners' Court of any such counties shall be authorized to levy any tax for such purpose, the qualified tax paying voters of the county shall by a majority vote authorize the Commissioners' Court to thereafter levy annually a tax not to exceed Five (5) Cents on the One Hundred ($100.00) Dollars assessed valuation.

"Sec. 2. The amount of money collected from such levy of taxes by the Commissioners' Court of any such county shall be paid to the Board of County Development in twelve (12) monthly installments as collected. All moneys received by the Board of County Development from such tax shall be expended only for the purposes authorized by this Act, and such Board shall annually render an itemized account to the County Auditor of all receipts and disbursements.

"Sec. 3. There is hereby created in such counties as may vote in favor of this tax a Board of County Development, which shall devote its time and efforts to the growth, advertisement and development of any such county. The Board of County Development shall consist of five (5) members; two (2) to be appointed by the Commissioners' Court of such counties, representative of the agricultural interest of such counties, who shall reside outside of the county seat of any such

county; and three (3) of whom shall be appointed by the Board of Directors of the Chamber of Commerce of the county seat of such county, one of such three members to be a member, in good standing, of organized labor. Said members shall serve for a period of two (2) years from their appointment, without compensation, and until their successors are appointed and accept such appointment. Vacancies on such Board shall be filled in the same manner as the original appointments, and by the same agencies.

"All members of such Board of County Development shall be qualified tax paying voters of the county in which they are appointed to serve."

Article 3, Section 56, of our Constitution, provides as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

"Regulating the affairs of counties, cities, towns, wards or school districts;.....

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts; ..."

It is clear that the law under consideration regulates the affairs of the counties to which it applies, creates offices, an prescribes the powers and duties of officers. Is it a general law, or is it special and local in violation of the provisions of Article 3, Section 56?

A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the part and exclusion of the balance upon characteristics peculiar to the part, which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related. 25 R.C.L. pp. 815-816; 12 Am. Jur. p. 146; Smith v. State (Ct. Cr. App.), 49 S. W. (2d) 739; Randolph v. State,

Hon. Ernest Guinn, Page 4

(Ct. Cr. App.), 36 S.W. (2d) 484; Clark v. Finley, 93 Tex. 171, 54 S.W. 343; City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W. (2d) 470, 41 S.W. (2d) 228; Bexar County v. Tynan, 128 Tex. 223, 97 S.W. (2d) 467.

Because population as a basis for classification has been sustained by the courts in respect to legislation on certain subjects, it has been assumed, erroneously, that population brackets will serve in all instances to avoid the condemnation of the Constitution. This mistaken assumption proceeds from a failure to note that population has been sustained as a basis for classification only in those instances where it bore a reasonable relation to the objects and purposes of the law and was founded upon a rational difference in the necessities or conditions of the groups subjected to different laws. Where it has been determined that, considering the objects and purposes of the law, differences in population afford no rational basis for discriminating between groups of the same natural class, classification on the basis of population has been termed arbitrary selection, and the law has been held to be special and local. Randolph v. State, supra.

Where population might have served as a rational basis for classification, if the object and purpose of the law had been to increase the compensation of county officers, since the purpose of the particular law was to lower such compensation the classification was held to be inverted and the law special and local. Bexar County v. Tynan, supra.

The object and purpose of the law under consideration is to permit counties to levy and collect a tax for advertisement and promotion of the growth and development of the county and its county seat. A natural class, of course, includes all counties in the State. This law extends such power only to those counties having a population, according to the last preceding Federal census, of not less than 125,000 nor more than 175,000 inhabitants, and containing a city of not less than 90,000 inhabitants. The only county meeting these requirements, at the time of the passage of the law, was El Paso County.

It may be doubted whether the number or inhabitants residing within a county, and the size of a city within such county, alone serve in any reasonable and natural manner to indicate the necessity, propriety, or desirability of permitting such county to assess and expend a tax for advertising and

Hon. Ernest Guinn, Page 5

promoting the growth and the development of the county and its county seat, where such power is denied or withheld from other counties. Hjelm v. Patterson, 105 Minn. 256, 117 N.W. 610. However, we do not place our decision that the act under consideration is local and special upon this ground.

If population, conceivably, may serve as a reasonable and natural criterion of the necessity or desirability of permitting a county to tax for the purpose of advertising and promoting its growth and development, it must be upon the theory that a small population evidences an undeveloped county, a large population a developed county. The smaller the population of a county, the greater the propriety, necessity and desirability of permitting it to tax for the purpose of promoting its growth and development.

This law applies only to counties with a population of 125,000 to 175,000 inhabitants, and a city of 90,000 or more inhabitants. Counties of lesser population are not permitted to exercise such power. The law therefore carves out of the top of the natural population bracket (assuming 175,000 inhabitants in a county to represent the figure at which it becomes unnecessary or less desirable that a county should tax for promoting its development) a designation of counties having a lesser need for promotion of their growth and development than those counties with a population of less than 125,000 inhabitants. It excludes the very counties which, taking population as an indicia, have the most need for the power. The law therefore does not include or embrace all which naturally belong to the class on the very basis for classification selected by the Legislature. The classification is illusory, a mere designation which is no classification at all, but, on the contrary, as inverted and discriminatory as the law considered by our Supreme Court in the Tynan case.

The arbitrary character of this purported classification is the more clearly evidenced and emphasized by the fact that in Acts 1930, 41st Legislature, 5th Called Session, Ch. 42 (Vernon's Civil Statutes, Art. 2352a), all counties in Texas having, according to the Federal census of 1920, a population of at least 202,000 and less than 210,000 inhabitants, were permitted to levy a similar tax for similar purposes. Here the size of the city within the county was deemed of no importance. Considering these two laws together, it is observed that counties having populations exceeding 175,000 and less than 202,000 inhabitants are not permitted to exercise the power to tax for such purposes. In the 1930 Act, no new

county officers are created or authorized, but in the 1935 Act, new county officers, in the form of a board of county development, are created in the counties with populations from 125,000 to 175,000 with cities of 90,000 or more. What rational basis is there in population for the discriminations thus effected?

Article 3, Section 56, of our Constitution, is designed, in part, to insure that our system of county government shall be as uniform as is possible. It is intended to prevent the passage of laws which discriminate between the counties of this State without adequate and substantial differences in the characteristics of the individual counties indicative, rationally, of a necessity for the discrimination. The law under consideration clearly violates the provisions of Article 3, Section 56, and its manifest spirit and purpose, and it is therefore unconstitutional and void.

The opinion of the preceding administration of this department, of date July 14, 1936 addressed to the Honorable David E. Mulcahy, County Attorney, El Paso, Texas, so far as our records reveal, was neither signed nor approved by the Attorney General. However, if it may be regarded as an official expression of the opinion of this department, we think it clearly erroneous, and it is therefore overruled and withdrawn.

The foregoing represents the considered opinion of this department. Since the Act under consideration is a nullity, an opinion from this department construing its provisions would serve no useful purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/

R. W. Fairchild
Assistant

RWF:PBP

APPROVED MAY 11, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE

RWF:mw